IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

JAMES NELSEN,

    Debtor,
_____/

WILLIAM DOLAN, CYNTHIA DOLAN,
and DONOVAN DOLAN,

    Plaintiffs,

  v.

JAMES NELSEN, UNION BANK OF
CALIFORNIA, FIRST NATIONAL BANK OF
CENTRAL CALIFORNIA, N.A., JANE
NELSEN, JAMES SCOTT NELSEN,
STEWART TITLE OF CALIFORNIA, INC.,
and DOES 1–10, inclusive,

    Defendants.
_____/

No. C 11-05410 WHA

**ORDER DENYING PLAINTIFFS'
MOTION FOR WITHDRAWAL**

## INTRODUCTION

In this adversary bankruptcy action, plaintiffs move for withdrawal of the bankruptcy reference. For the following reasons, plaintiffs' motion is **DENIED**.

## STATEMENT

In 2008, plaintiffs William Dolan, Cynthia Dolan, and Donovan Dolan filed suit against defendants James Nelsen, Jane Nelsen, Union Bank of California, First National Bank of Central California, and Stewart Title of California, Inc. for fraud in Monterey Superior Court. In 2010,

1   almost two year into the litigation, pro se defendant James Nelsen remove the state action to this
2   district's bankruptcy court, *Dolan, et al. v. Nelsen, et al.*, 5:10-ap-05259 (Bankr. N.D. Cal. July
3   23, 2010), alleging that the claims were related to Nelsen's Chapter 7 bankruptcy proceeding,
4   which was commenced in 2005 and is still pending, *In re Nelsen*, 5:05-bk-50953 (Bankr. N.D.
5   Cal. Feb. 23, 2005). Plaintiffs moved to remand on the grounds that (1) they were not aware of
6   Nelsen's ongoing bankruptcy proceedings until the removal and (2) their state claims were
7   excepted from discharge under 11 U.S.C. § 523(a)(4). At the first remand hearing, Bankruptcy
8   Judge Arthur Weissbrodt determined that remand depended upon whether plaintiffs had known of
9   Nelsen's bankruptcy and subsequent discharge when they commenced their state-court action
10  (Bankr. Dkt. No. 23 at 46). Additional briefing was order and a subsequent hearing was
11  scheduled for December 2010. That hearing was subsequently continued and never rescheduled
12  due to Nelsen's criminal proceeding, discussed below.

13  In January 2011, Nelsen advised the bankruptcy court that a criminal case was pending
14  against him. Nelsen had been indicted for criminal bankruptcy fraud before Judge Ronald Whyte
15  in 2009. *United States v. James Nelsen, et al.*, CR 09-1168 (N.D. Cal. Dec. 19, 2009). It is worth
16  noting that the alleged criminal activity is unrelated to the alleged fraud underlying this civil
17  adversary action. This criminal action has since been stayed pending a full medical examination
18  of Nelsen at the Federal Medical Center in Butner, following a recent finding by Judge Whyte
19  that Nelsen was suffering from a mental disease or defect rendering him mentally incompetent to
20  stand trial. Specifically, Judge Whyte found that "[a]fter a hearing on April 9, 2012, the Court
21  found by a preponderance of the evidence that the Defendant, James Nelsen, is presently suffering
22  from a mental disease or defect rendering him mentally incompetent to stand trial, based on the
23  psychiatric report prepared by Dr. James Missett." *Id.* at Dkt. No. 108.

24  Because of the criminal proceedings, the bankruptcy court stayed the civil bankruptcy
25  adversary action until the criminal proceedings were concluded (Bankr. Dkt. No. 63). Unsatisfied
26  with this delay, plaintiffs (the Dolans) now seek to withdraw the adversary proceeding from
27  bankruptcy court and remand back to Monterey Superior Court. Nelsen, a disbarred attorney
28  proceeding pro se, filed a three-page handwritten opposition (Dkt. No. 10).

2

## ANALYSIS

Under certain circumstances, a bankruptcy action may be transferred to the district court through withdrawal. 28 U.S.C. 157(d). In determining whether there is cause to withdraw an action, a district court should consider "the efficient use of resources, delay and costs to the parties, uniformity of bankruptcy administration, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). Here, judicial efficiency strongly weighs against withdrawal.[1]

Judge Whyte's finding that Nelsen is mentally incompetent to stand for his criminal trial raises a FRCP 17(c) issue that must be resolved. FRCP 17(c) provides that

> The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Our court of appeals has held that "[i]f an incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c). The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed if needed. " *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).

Bankruptcy Judge Weissbrodt is best suited to determine whether a guardian ad litem is needed for Nelsen, who is currently pro se. Judge Weissbrodt has presided over Nelsen's bankruptcy proceedings since 2005. Nelsen, a disbarred attorney, has appeared numerous times before Judge Weissbrodt for oral arguments (*see* Bankr. Dkt. Nos. 23, 68, 75). Therefore, in the interest of judicial efficiency, this order will not withdraw the bankruptcy action from the judge who is best suited to determine how Nelsen's bankruptcy action should proceed.

Plaintiffs argue that Judge Weissbrodt's decision to stay the bankruptcy action has needlessly "increased attorneys fees and costs for all parties" (Br. 15). This argument is

---

[1] Plaintiffs admit that their request is for a permissive withdrawal for cause and not a mandatory withdrawal (Br. 11).

3

unpersuasive. First, plaintiffs have not submitted any evidence that their costs have increased because of the stay. Second, the stay is warranted because Nelsen is currently scheduled to undergo further psychiatric examination at the Federal Medical Center in Butner. The results of that examination will undoubtedly help determine how the bankruptcy action should best proceed.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is **DENIED**. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 12, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4